UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARMEL CAPITAL, LLC,<br>　　Plaintiff<br><br>　　　　v.<br><br>AUSTIN COMMERCIAL A/K/A<br>AUSTIN INDUSTRIES, INC.<br>　　Defendants | CA No._____<br><br><br><br><br><br><br>**JURY DEMANDED** |

## CARMEL CAPITAL, LLC'S COMPLAINT

1. Plaintiff, Carmel Capital, LLC *("CCL")* complains of Defendants, Austin Commercial a/k/a Austin Industries, Inc. *("AII")*. In support of its Complaint, CCL alleges:

### JURISDICTION/VENUE

2. CCL's claims arise under the copyright laws of the United States, 17 U.S.C. § 101 *et. seq.*, (hereinafter the "Copyright Act"), and 17 U.S.C. § 1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA").

3. Subject matter and personal jurisdiction is vested in this Court with regard to all Defendants, pursuant to 28 U.S.C. § 1338. Additionally, this Court has subject matter jurisdiction as to all Defendants under 28 U.S.C. § 1331 inasmuch as this claim arises under the copyright laws of the United States. The Court has personal jurisdiction over all Defendants because they reside in the forum state.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b) and (c).

# THE PARTIES

5. Plaintiff is an LLC and citizen of Texas engaged in the business of professional photography, and which resides and has a principal place of business in Tarrant County, Texas.

6. AII is a corporation organized in the State of Texas with its principal place of business in Plano, TX. AII is in the business of commercial construction. AII will receive service of the Complaint upon its registered agent, Felicia Walker at 3535 Travis Street, Suite 300, Dallas, Texas 75204-1466, or wherever she may be found.

# INTRODUCTORY FACTS

7. CCL is a company that holds and markets the works of professional photographer, Brian Harness, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in certain photographs known as *"Brian Harness Photography Collection 2009 Vol. I."* (**"Exhibit A"** Registration). Three (3) photographs individually entitled, "cantey-hanger0438, cantey-hanger0451 and cantey-hanger0492" were deposited with this registration and originally created by Brian Harness for advertising use by AII ("**Exhibit B**" The Work). The terms of the license agreement specifically dictated that the "[c]opyright and all film, print, media, and digital files remain the property of Photographer." ("**Exhibit C**").

8. Harness complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights by securing the exclusive rights and privileges in and to the copyrights to the above-described photographs.

9. Harness owned all rights in and to Copyright Registration Number VAu 1-015-096 issued by the U. S. Registrar of Copyrights in Washington, D.C. for photographs deposited with and covered by said registration (**Exhibit A**).

10. On or about September 2, 2020, Randall Brian Harness assigned his copyrights in the work at issue to CCL (**Exhibit D**).

11. CCL's copyrights in the above-described work are presently valid and subsisting and were valid and subsisting from the moment of its creation in the year 2009, and all conditions precedent to the filing of this suit have occurred.

## CONTEXTUAL FACTS

12. In approximately May 2009, the Lauck Group, one of Dallas' premier architectural firms, through its agent Brigitte Preston – hired Brian Harness Photography to create images of the Cantey Hanger Law Firm located in Fort Worth, Texas.  Brian Harness granted the Lauck Group a non-exclusive, limited license to use the image only in Lauck Group brochures, Power Point presentations, the lauck.com website and in design competitions.  Under the terms of their agreement, The Lauck Group agreed that all rights and title in the Work remained the property of Brian Harness. **Exhibit C** is the license agreement between Harness and the Lauck Group.

13. For many years, it has been Harness' custom and business practice to display his copyright management information (hereinafter, "CMI") in/on his copyrighted photographs when they are first published by him, and thereafter. The Work at issue in this case when published contained metadata embedded in the of the Work. Additionally, as part of the license agreement, the Lauck Group agreed to "keep and maintain, in unaltered condition, the electronic rights management information." *See* **Exhibit C**. Thus, Defendants were on notice that the Work was copyright-protected.

## INFRINGEMENT FACTS

14. On August 4, 2017, CCL discovered its Works were being used – without license or other authorization – on the following URLs to advertise, market, and/or promote Defendants' business:

    **Url:**
    http://www.austin-ind.com/portfolio/portfolio-cantey.html

    **Image URLs:**
    http://www.austin-ind.com/portfolio/images/cantey/cantey-3.jpg
    http://www.austin-ind.com/portfolio/images/cantey/cantey-4.jpg
    http://www.austin-ind.com/portfolio/images/cantey/cantey-5.jpg
    (*see* **Exhibit E, Screen Captures**).

15. Additionally, in accomplishing the infringement, and upon information and belief, one or more of the Defendants (or a third party at their behest) intentionally removed and/or omitted CCL's CMI from the Work.

## CAUSES OF ACTION
## COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

16. Plaintiff re-alleges and incorporates paragraphs 1 – 16 above as if recited *verbatim*.

17. Defendants, without knowledge or intent, have infringed CCL's copyrights in and to the Work shown on Exhibits A and B to this Complaint by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17 U.S.C. §101 *et seq.*

18. Upon information and belief, Defendants have benefitted from their infringements of the Work, while CCL has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the

marketplace; therefore, CCL is entitled to injunctive relief, damages, and other relief set forth in the Act.

## COUNT II – WILLFUL COPYRIGHT INFRINGEMENT

19. Plaintiff re-alleges and incorporates paragraphs 1 – 16 above as if recited *verbatim*.

20. Alternatively, Defendants willfully infringed CCL's copyrights in and to the Work shown on Exhibits A and B to this Complaint by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17 USC §101 *et seq*.

21. Because CCL's Work at issue in this case, when published, prominently displayed his CMI in the metadata of the Work, upon information and belief, Defendants were on notice that the Work was copyright-protected yet infringed upon it anyway.

22. Upon information and belief, Defendants have benefitted from their infringements of the Work, while CCL has suffered and will continue to suffer monetary damages, irreparable injury to its business, reputation, and goodwill, and the work will suffer dilution in the marketplace; therefore, CCL is entitled to injunctive relief, damages, and other relief set forth in the Act.

## COUNT III
## VIOLATION(S) OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

23. Plaintiff re-alleges and incorporates paragraphs 1 - 16 above as if recited *verbatim*.

24. The Work at issue in this case when published, prominently displayed Harness' CMI embedded in the metadata of the Work. Additionally, as part of the license agreement, the Lauck Group agreed to "keep and maintain, in unaltered condition, the electronic

rights management information." Harness does all this to distinguish its works from others, as well as to ensure that people who view his works appreciate that CCL and/or Harness owns all rights and title to them. In accomplishing the infringements identified above, and upon information and belief, one or more of the Defendants (or a third party at their behest) intentionally removed and/or omitted the CMI from CCL's Work.

25. Upon information and belief, one or more of the Defendants distributed copies or derivatives of the Work knowing that such CMI had been removed or omitted without having authorization to do so.

26. At the time the CMI was removed from the Work, and at the time the Work was distributed from which the CMI had been removed or omitted, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal infringements of CCL's copyrights.

27. CCL is entitled to, and seeks recovery of, statutory damages from Defendants not less than $2,500, and not exceeding $25,000 for each act committed in violation of his rights under 17 U.S.C. § 1203(c)(3)(B).

28. Pursuant to 17 U.S.C. § 1203(b)(5), CCL is entitled to recover, and therefore seeks the recovery of, its reasonable Lodestar costs, including attorney's fees.

## CAUSATION/DAMAGES

29. As a direct and proximate result of Defendants' above-described acts of copyright infringement and DMCA violations, CCL has sustained actual damages in an amount not yet ascertained, but which is believed to be in excess of $100,000. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue,

disgorgement of defendants' profits attributable to their infringements, statutory damages, research time tracking-down and documenting the infringements. In addition to damages for copyright infringement, Plaintiff seeks recovery of DMCA penalties as set out in paragraphs 29 and 30 above.

## RELIEF REQUESTED

30. CCL demands an accounting by Defendants of their activities in connection with their infringement of its copyrights in and to the above-described and attached work, as well as a reckoning of the income as well as their gross profits derived therefrom.

31. CCL is entitled and seeks to recover actual damages plus the profits of the Defendant attributable to the infringement, as well as DMCA penalties not exceeding $25,000 for each act committed of his rights under 17 U.S.C. § 1202.

32. Alternatively, because the image was registered prior to Defendant's infringements, CCL is entitled to and seeks to recover statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars) for each work infringed, plus reasonable and necessary attorney's fees.

**PLAINTIFF DEMANDS JUDGMENT AS FOLLOWS:**

33. That Defendant, its agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing CCL's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of its images;

34. That Defendant be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe CCL's

copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Defendants;

35. That Defendant be required, jointly and severally, to pay over to CCL its actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing CCL's actual damages incurred as a result of Defendants' copyright infringements described herein;

36. That Defendants provide an accounting of all gains, profits, and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above described;

37. That Defendants jointly and severally be ordered to pay to CCL his costs and attorney's fees; *and*

38. That CCL have such other and further relief as this court shall deem just and proper.

**Plaintiff, CCL, demands a jury trial in this cause of action.**

                                        **LEJUNE LAW FIRM**

Dana A. LeJune
TXBN: 12188250
NCBN: 49025
2402 Fountainview
Suite 312
PMB 2361
Houston, TX 77057-4008
713.942.9898 Phone
dlejune@triallawyers.net
*Counsel for Carmel Capital, LLC*